Marshall E. Livingston, J.
This is a motion by defendant in a medical malpractice action to compel the plaintiff to disclose the identity and current address of her son’s natural father.
The complaint alleges, in substance, that about March 15, 1972 plaintiff contacted defendant’s office for an appointment to determine why she had missed her menstrual period. About April 4, 1972 she was examined by defendant and told him she had not had a period since January, 1972. There is some discrepancy between the plaintiff’s version and the defendant’s recollection and records as to the plaintiff’s last exposure date, which gives rise to one reason defendant claims to be entitled to the alleged father’s name. This will be dealt with later.
At any rate plaintiff claims she told the defendant on April 4, 1972, that if she were pregnant, she wanted an abortion. Defendant gave her an injection of a "period inducing drug”. On April 19, 1972 plaintiff again called defendant’s office and stated she had had no period. Accordingly, defendant again examined plaintiff on April 21, 1972, at which time defendant arranged a pregnancy test for plaintiff at Genesee Hospital, which she had. The next day defendant called plaintiff and reported that the test was negative. Thereafter plaintiff returned to defendant’s office for further injections on April 26, May 8 and May 19, 1972. On May 19, plaintiff claims, defendant told her she was not pregnant and that she was going through a change of life and that she should return in six months. I understand that plaintiff was born on October 19, 1938, so that in May, 1972 she was in her 34th year.
On October 25, 1972 plaintiff gave birth to a baby boy.
Defendant moves for discovery of the alleged father’s name for "two separate and distinct reasons”. Paragraph 8 of the affidavit filed by defendant’s attorney in support of the motion states: "In the fírst instance, deponent intends to commence a third party action against the natural father in that the law of the State of New York requires that he support and maintain the child, and the plaintiff is alleging damages against the defendant-physician for support and maintenance [of the infant]. Secondly, your deponent may wish to depose the natural father as an interested witness in order to estab *545 lish the exact date of exposure in that there is a dispute between the plaintiff and defendant on that issue. Further, the testimony of the natural father appears crucial and your deponent may very well need to subpoena him at the time of trial for his testimony. Without knowing the name and address of the party, all of the above courses of action would be impossible.” (Emphasis supplied).
The motion is denied in all respects.
Subdivision 5 of section 33 of the Domestic Relations Law provides: "The natural parents of a child born out of wedlock shall be severally liable for the support of such child, but the liability of the natural father shall not be enforceable unless he has been adjudicated to be the child’s father by a court of competent jurisdiction, or he has acknowledged or shall acknowledge paternity of the child in open court or by a verified written statement.”
And subdivision (a) of section 517 of the Family Court Act provides: "Proceedings to establish the paternity of the child may be instituted during the pregnancy of the mother or after the birth of the child, but shall not be brought after the lapse of more than two years from the birth of the child, unless paternity has been acknowledged by the father in writing or by furnishing support.”
Therefore, in this situation a third-party action would not lie because he has not been adjudicated as the natural father, nor has he acknowledged paternity. Plaintiff avers "the father does not know of the existence of this child, and since our relationship terminated, he has married and has children by his wife”. The two-year statute having run and paternity not having been adjudicated, no third-party action may be allowed. This, of course, is without consideration of the obvious defense, if such an action did lie, whereby the father would urge that if it hadn’t been for the negligence of the third-party plaintiff, he wouldn’t be a third-party defendant.
The second basis of defendant’s motion is set forth above. Suffice it to say that in this case an abortion was authorized (Penal Law, § 125.05, subd 3, par [b]).
The implication by defendant is that a question of the credibility of the plaintiff as to when she had her last period is important. I can see no reason or basis for granting defendant’s motion is this regard.
It does not matter whether the last "exposure” of the *546 plaintiff was December 26, 1971 or sometime in January, 1972. In either case the child was born October 25, 1972, well within the limitation of the gestation period defined in Webster’s Third New International Dictionary (p 952), which states that the average gestation period for man is 267 days from last ovulation or 274-280 days from beginning of last menses. The limits of the gestation period are said to be 240-313 days. The longest period of gestation in man that has ever been admitted in the law courts of Great Britain is 360 days.
Thus whichever date the proof might show or the jury find, the point is that with an exposure of either December 26, 1971 or January 26, 1972, the gestation period would be from about 303 days or 273 days and well within average or outside limits. Plaintiff’s credibility is not, therefore, in question. The nameless natural father should not be used as a red herring to attempt to raise an issue of credibility on a matter which has no substance in this lawsuit.
After all plaintiff was pregnant, whether in December, 1971 or January, 1972 makes little difference, and the child was born on October 25, 1972. The fact also is that on May 19, 1972, when the claim is that defendant told plaintiff to come back in six months, plaintiff was eligible, no matter what gestation period is used, for an abortion because she was several weeks short of the maximum of 24 weeks mandated by statute.
Submit order, denying motion, without costs.